IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vera Middleton, )<br>　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>Town of Moncks Corner, Moncks Corner )<br>Police Department, Lee Zakis, individually, )<br>and Sean Baber, individually, )<br>　　　　　　　　　　　　　　)<br>　　　　　Defendants. )<br>　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　) | CASE NO.: 2:21-cv-1071-BHH-MHC<br><br>**MONCKS CORNER POLICE DEPARTMENT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

　　　　NOW COMES the Defendant Town of Moncks Corner Police Department by and through its undersigned counsel, who hereby brings the present Motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing all state claims alleged by the Plaintiff against it on the grounds that the Town of Moncks Corner Police Department is not a proper party capable of being sued under the South Carolina Tort Claims Act, SC Code § 15-79-10, et seq.

　　　　A supporting motion is not being filed herewith because the motion, as set forth in Local Civil Rule 7.05 (D.S.C.), contains a full explanation of the grounds upon which relief is sought. Local Civil Rule 7.04 (D.S.C).

## **BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

　　　　On March 29, 2021, the Plaintiff, Vera Middleton, filed this action against the Defendant as well as others affiliated with the Town of Moncks Corner. The Plaintiff Complaint brings various claims against the Town of Moncks Corner Police Department under the South Carolina Tort Claims Act, SC Code § 15-79-10, including negligence, negligent hiring, invasion of privacy, trespass, false imprisonment as well as assault and battery. More specifically, the Plaintiff alleges

1

that she was injured following a use of force that occurred on March 28, 2019 when two police officers employed by the Town of Moncks Corner were in the process of serving a family court custody Order at the Plaintiff's residence. The Town of Moncks Corner, Officer Baber and Officer Zakis are named as additional Defendants to the Plaintiff's case and are prepared to file their Answers to the Plaintiff's allegation. Those Answers will acknowledge the Plaintiff's state and federal law claims, but will note that the Town of Moncks Corner is the more appropriate party for responding to the Plaintiff's state law causes of action.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (internal quotations omitted). "When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff." Williams v. Dorchester Cty. Det. Ctr., 987 F. Supp. 2d 690, 695 (D.S.C. 2013). Although the Court is charged with liberally construing a complaint filed by a pro se litigant, the requirement of liberal construction does not mean the Court shall ignore a clear failure in the pleading to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F. 2d 387 (4th Cir. 1990).

**Plaintiff's state law claims are controlled by the South Carolina Tort Claims Act and the Moncks Corner Police Department is an improperly named Defendant**

The South Carolina Tort Claims Act ("SCTCA") governs all tort claims in South Carolina against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or its employees. See Murphy v. Richland Mem'l Hosp., 317 S.C. 560, 455 S.E. 2d 688 (1995). Pursuant to the SCTCA a "governmental entity" means the State and its political subdivisions. See S.C. Code § 15-78-30(d). The SCTCA defines "political subdivisions" to include municipalities, such as the Town of Moncks Corner. S.C. Code 15-78-30(h).

Here, the Plaintiff is attempting to bring his state law claims against both the Town of Moncks Corner as well as the Moncks Corner Police Department. The proper party for a claim against a local police department is through the Town itself. The Moncks Corner Police Department is not a legally recognized entity capable of being sued. Because the Town is the proper Defendant for purposes of Plaintiff's SCTCA claim against its local police department, the undersigned respectfully requests that the Court dismiss the Moncks Corner Police Department as a named Defendant from this action.

Respectfully submitted on this the 15th day of April, 2021.

RICHARDSON, PLOWDEN & ROBINSON, P.A.

*/s/ Drew Hamilton Butler*
Drew Hamilton Butler (Federal ID No.: 8083)
James E. Haarsgaard (Federal ID No.: 12298)
235 MaGrath Darby Blvd., Suite 100
Mount Pleasant, South Carolina 29464
dbutler@richardsonplowden.com
Phone:  (843) 805-6550
Fax:    (843) 805-6599

**ATTORNEYS FOR DEFENDANTS**