IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Vera Middleton, | ) | Civil Action No. 2:21-cv-1071-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Town of Moncks Corner; Moncks Corner | ) | |
| Police Department; Lee Zakis, individually; | ) | |
| and Sean Baber, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, represented by counsel, filed this action in state court, alleging various causes of action arising under state law, as well as federal claims pursuant to 42 U.S.C. §1983 for violation of her civil rights. ECF No. 1-1. Defendants removed the action to this Court on April 13, 2021. ECF No. 1. Before the Court is Defendant Moncks Corner Police Department's (the "Department") Motion to Dismiss ("Motion"), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] ECF No. 5. Plaintiff did not file a Response to the Motion. For the reasons set forth below, the undersigned recommends that the Motion be granted.[2]

## **LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014). Pursuant to Rule 8 of the

---

[1] The remaining Defendants—the Town of Moncks Corner, Sean Baber and Lee Zakis—have filed Answers to Plaintiff's Complaint and are not a party to the Department's Motion.

[2] All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), D.S.C. This Report and Recommendation is entered for review by the District Judge.



2:21-cv-01071-BHH-MHC    Date Filed 05/05/21    Entry Number 9    Page 2 of 5

Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). When considering a Rule 12(b)(6) motion, the court is required to accept the allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

## **DISCUSSION**

In her Complaint, Plaintiff alleges that she was injured following a use of force that occurred on March 28, 2019, when two Moncks Corner police officers were in the process of serving a family court custody order at the Plaintiff's residence. ECF No. 1-1. Plaintiff asserts various state tort claims against the Department and the Town of Moncks Corner, including negligence, negligent hiring, invasion of privacy, trespass, false imprisonment, battery, and assault. *Id.* The Department moves to be dismissed from this case, arguing that it is not a proper party in this action.

The South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10 *et seq.*, is the exclusive remedy for any tort committed by an employee of a governmental entity, and it establishes the parameters for tort claims asserted against public officials or the State or local governments in South Carolina. *See* S.C. Code Ann. §§ 15-78-20, 15-78-30 & 15-78-70; *see Murphy v. Richland Mem'l Hosp.*, 455 S.E.2d 688 (1995); *Hawkins v. City of Greenville*, 594

S.E.2d 557, 563 (S.C. Ct. App. 2004). The SCTCA provides that the State, its agencies, political subdivisions, and other governmental entities are "liable for their torts in the same manner and to the same extent as a private individual under like circumstances," subject to certain limitations and exemptions. S.C. Code Ann. § 15-78-40. Pursuant to the SCTCA, a "governmental entity" means the State and its political subdivisions. S.C. Code Ann. § 15-78-30(d). The SCTCA defines "political subdivisions" to include municipalities, such as the Town of Moncks Corner. *See* S.C. Code 15-78-30(h). When a person brings an action against a governmental entity pursuant to the SCTCA, the person "shall name as a party defendant *only* the agency of political subdivision for which the employee was acting." S.C. Code Ann. § 15-78-70(c) (emphasis added).

In its Motion, the Department argues that it is not a legally recognized entity capable of being sued and that the Town of Moncks Corner, not the Department, is the proper Defendant for purposes of Plaintiff's SCTCA claims. ECF No. 5 at 3. The Plaintiff appears to concede this argument, as the time for Plaintiff to respond to the Department's Motion expired on April 29, 2021, and she did not file any response in opposition to the Department's Motion. Therefore, it is recommended that the Motion be granted. *See Heath v. Town of Isle of Palms*, No. CV 2:18-3190-RMG-BM, 2019 WL 1339201, at *2 (D.S.C. Jan. 15, 2019) (recommending dismissal of police department where plaintiff failed to respond to argument that the department was not a party capable of being sued under SCTCA), *report and recommendation adopted*, No. CV 2:18-3190-RMG, 2019 WL 447317 (D.S.C. Feb. 5, 2019); *Wilson v. Slager*, No. 2:15-CV-2170-DCN-MGB, 2016 WL 11407785, at *6 (D.S.C. Jan. 25, 2016) (finding that plaintiff, by failing to respond to police department's motion to dismiss, conceded argument that police department was not a proper party to a SCTCA claim), *report and recommendation adopted sub nom. Wilson v. First Class Patrol Officers Michael Slager*, No. 2:15-CV-02170-DCN, 2016 WL 1253179 (D.S.C. Mar. 31,

2016). If this recommendation is adopted by the Court, the Department will be dismissed as a party in this case. The case will then proceed with Plaintiff's claims against the remaining Defendants.

<u>**CONCLUSION**</u>

For the reasons set forth above, it is **RECOMMENDED** that the Department's Motion to Dismiss (ECF No. 5) be **GRANTED**.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

May 5, 2021
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*    Fed. R. Civ. P. 6(a), (d).    Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**    28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).